15-1284
*United States v. Awulye*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand sixteen.

Present:   ROBERT A. KATZMANN,
                     *Chief Judge*,
              ROBERT D. SACK,
              PETER W. HALL,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                          *Appellee*,

                 v.                                              No. 15-1284

PRINCE AWULYE, a/k/a Sadat, a/k/a Sealed
Defendant 1,

                 *Defendant-Appellant*,

JULIAN BYAMUGHISHA,

                 *Defendant.*

_____

For Appellee:              BRENDAN F. QUIGLEY (Rahul Mukhi and Anna M. Skotko, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara,

United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant:     NICHOLAS J. PINTO, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Prince Awulye appeals from a judgment of conviction on two counts of participating in a conspiracy to distribute and to possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. The two counts relate to separate conspiracies in 2010 and 2012. At trial, a jury convicted Awulye on both counts and the district court (Sullivan, *J.*) sentenced him principally to 120 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We turn first to Awulye's sufficiency of the evidence challenge regarding the conspiracy in 2012. "We review *de novo* a challenge to the sufficiency of evidence and 'affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt.'" *United States v. Madori*, 419 F.3d 159, 166 (2d Cir. 2005) (quoting *United States v. Geibel*, 369 F.3d 682, 689 (2d Cir. 2004)). To prove a conspiracy, "the government must show that each alleged member agreed to participate in what he [or she] knew to be a collective venture directed toward a common goal." *United States v. Martino*, 664 F.2d 860, 876 (2d Cir. 1981).

Awulye argues that the evidence was insufficient to prove a conspiracy in 2012 because, he contends, the government did not establish "the participation of at least two culpable co-

2

conspirators." *United States v. Desimone*, 119 F.3d 217, 223 (2d Cir. 1997). The active participants in the plan to pick up heroin from Newark Airport were Awulye, his co-defendant Julian Byamughisha, and David Amoah, who was a confidential informant for the government. Because Amoah was a confidential informant, he did not have the requisite intent to be a member of the conspiracy. *See id.* Therefore, the conspiracy must have been between Awulye and Byamughisha.

Membership in a conspiracy "requires proof of purposeful behavior aimed at furthering the goals of the conspiracy," as opposed to mere "presence at the scene of [the] crime" or knowledge "that a crime is being committed." *Id.* The evidence presented at trial showed that both Awulye and Byamughisha participated in a number of phone calls and an in-person meeting with Amoah to discuss their role as couriers for Amoah, that Byamughisha willingly agreed to transport drugs from Newark Airport, that Byamughisha thought that the bag that she and Awulye picked up from Newark contained drugs, and that Byamughisha accepted $400 in payment from Awulye following the trip to Newark. This evidence, viewed in the light most favorable to the government, is more than sufficient to show that Byamughisha engaged in purposeful behavior in furtherance of the conspiracy. And, contrary to Awulye's contention, it certainly establishes a relationship beyond a "typical buy-sell scenario, which involves a casual sale of small quantities of drugs, [where] there is no evidence that the parties were aware of, or agreed to participate in, a larger conspiracy." *United States v. Medina*, 944 F.2d 60, 65 (2d Cir. 1991). The fact that Awulye introduced Byamughisha to Amoah, and thereby facilitated her involvement, does not diminish the fact that they were both willing participants in a conspiracy to distribute heroin. *See id.* at 65–66 (The buyer-seller "rationale does not apply . . . where, as here, there is advanced planning among the alleged co-conspirators to deal in wholesale

3

quantities of drugs obviously not intended for personal use. Under such circumstances, the participants in the transaction may be presumed to know that they are part of a broader conspiracy."); *cf. United States v. Kellerman*, 431 F.2d 319, 323 (2d Cir. 1970) (noting that co-conspirators can play different roles within a conspiracy so long as there is a "thread of continuity" between their actions).

Furthermore, Awulye's argument that there was no conspiracy in 2012 because the government improperly orchestrated Byamughisha's involvement would require him to show outrageous government conduct, entrapment, or a failure by the government to prove an essential element of the crime. *See United States v. Al Kassar*, 660 F.3d 108, 119 (2d Cir. 2011); *see also United States v. Bout*, 731 F.3d 233, 238 (2d Cir. 2013). Awulye has not made any attempt to establish that the government's conduct was outrageous or that Awulye was entrapped; and, for the reasons discussed above, he has not shown in this appeal that the government failed to prove an element of the crime.

We turn next to Awulye's challenges to the procedural and substantive reasonableness of his 120-month sentence of imprisonment. Awulye argues that we should vacate his sentence on procedural grounds because the district court considered an incorrect drug quantity of three to ten kilograms of heroin when calculating the applicable Guidelines range. We conclude that Awulye waived this challenge. Although Awulye objected to this drug quantity at his first sentencing hearing, he later agreed to participate in a proffer session that resulted in a two-level reduction to his offense level; at that session, he admitted that his offense conduct involved three to ten kilograms of heroin. At the second sentencing hearing, the government informed the court of the new offense level and noted that the parties agreed that the revised applicable Guidelines range was 121 to 151 months' imprisonment. When given a chance by the court, Awulye did not object

4

to or otherwise challenge the Guidelines range or the drug quantity. Based on these circumstances, we conclude that Awulye waived his challenge to the drug quantity on appeal. *See United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995) ("If . . . [a] party consciously refrains from objecting as a tactical matter, then that action constitutes a true 'waiver,' which will negate even plain error review."); *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) ("A finding of true waiver applies with even more force when . . . defendants not only failed to object to what they now describe as error, but they actively solicited it, in order to procure a perceived sentencing benefit.").

We review the substantive reasonableness of Awulye's "sentence under an abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 51 (2007), "tak[ing] into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).[1] Awulye argues that the sentence is unreasonable in light of the small role he played in the conspiracy, the government's orchestration of a portion of the criminal activity, and Awulye's incredibly difficult past and family commitments. The record reveals, however, that the district court thoughtfully considered these arguments and nonetheless concluded that in light of the devastating consequences of heroin trafficking in this country and "the need to send a message to [Awulye] and also to others that this drug just won't be tolerated, . . . [and] in light of all the facts and circumstances," a 120-month sentence of imprisonment was "the lowest sentence that [it could] impose in good

---

[1] This Court has "not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014); *see also United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008). We need not decide this issue here because the sentence is reasonable even under an abuse-of-discretion standard.

conscience." App. at 169. Given the district court's considered explanation, we have no basis to conclude that it abused its discretion or that the sentence "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). We therefore affirm the sentence.

We have considered all of the arguments presented on appeal, both in Awulye's counseled brief and his pro se supplemental brief, and we find in them no basis for reversal. For the reasons stated herein, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK